IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHERINE SHERARD LUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:10-1079 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| VETERANS AFFAIRS HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion to Reopen the Case." Docket No. 23. The body of the Motion states in full as follows:

> My plea is to file a motion to reopen this case. I would like further investigation on all the facts given in the previous letter.
>
> Due to all my undue stress from losing my employment at the Veterans Affairs Hospital on the 13 November 2009 over discrimination and the loss of my child. I was specifically looking for a court date in your letters.

*Id*.

Plaintiff filed her pro se Complaint against Defendant on November 12, 2010, alleging employment discrimination. Docket No. 1. She was subsequently granted leave to proceed in forma pauperis. Docket No. 3. Judge Trauger referred the case to the undersigned for a frivolity review under 28 U.S.C. § 1951(e)(2)(B). *Id*.

On March 1, 2012, the undersigned submitted a Report and Recommendation recommending that this action be dismissed for failure to state a claim upon which relief could

be granted. Docket No. 11. Despite being given appropriate notice (Docket No. 11, p. 2-3), Plaintiff failed to file written Objections to the Recommendation.

On March 21, 2012, Judge Trauger entered an Order noting that Plaintiff had not filed Objections, accepting the Report and Recommendation, and ordering that the case be dismissed for failure to state a claim upon which relief could be granted. Docket No. 14.

More than two months later, on May 29, 2012, Plaintiff filed the instant Motion.

Plaintiff provides no authority for the filing of the instant Motion. Plaintiff sets forth no facts that would support a "Reopening" of this case.

For the foregoing reasons, the undersigned recommends that the instant "Motion to Reopen the Case" (Docket No. 23) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge