# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CATHERINE SHERARD LUNN, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:10-1079 |
| | ) JUDGE TRAUGER/KNOWLES |
| VETERANS AFFAIRS HOSPITAL, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a letter from the pro se Plaintiff to the undersigned that states in relevant part, "I request a motion to reopen the case due to being under the care of a Physician from 13 November, 2009, until January 2013 while having to take medication which should have been understood when I wrote the letter in March 2012." Docket No. 44. The Court will treat the request as a "Motion to Reopen the Case."

On March 21, 2012, Judge Trauger dismissed this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. Docket No. 14.

On May 29, 2012, Plaintiff filed her first "Motion to Reopen the Case." Docket No. 23. That Motion stated in full:

> My plea is to file a motion to reopen this case. I would like further investigation on all the facts given in the previous letter.
>
> Due to all my undue stress from losing my employment at the Veterans Affairs Hospital on the 13 November 2009 over discrimination and the loss of my child. I was specifically looking for a court date in your letters.

Docket No. 23.

The undersigned submitted a Report and Recommendation recommending that that initial Motion be denied, in part, because "Plaintiff provides no authority for the filing of the instant Motion." Docket No. 24, p. 2.

On December 12, 2012, Judge Trauger entered an Order noting that "no timely objections" had been filed to the referenced Report and Recommendation; she accepted the Report and Recommendation and denied the initial Motion to Reopen the Case. Docket No. 30.

On December 20, 2012, Plaintiff filed a document that was construed as a Notice of Appeal. Docket No. 35. But she failed to pay the appellate filing fee or to submit an application to proceed in forma pauperis on appeal. Docket No. 38. Thus, her appeal was subsequently dismissed by the Sixth Circuit for want of prosecution. Docket No. 47.

In the meantime, on February 26, 2013, Plaintiff submitted the instant Motion, which is her second Motion to Reopen the Case.

As with the first Motion, Plaintiff has not provided any authority for the granting of the instant Motion. She states in part, "I requested an extension of this case due to being in severe pain and under the care of a Doctor that prescribed medicine for me." Docket No. 44.

The Court does not understand Plaintiff's reference to requesting "an extension of this case . . . ." Insofar as the record shows, Plaintiff never requested any extensions of any deadlines or time limits prior to Judge Trauger's dismissal of this action on March 21, 2012.

For the foregoing reasons, the undersigned recommends that the instant Motion to Reopen the Case (Docket No. 44) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge